BRYDON *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—EXCAVATION IN HIGHWAY—DEFECTIVE SIDEWALK—INJURY TO CHILD.

A city's negligence in permitting the planks of a sidewalk to remain unsupported at the end next to an excavation, by reason of which a five-year-old child fell into the excavation and was injured, cannot be excused on the ground that the excavation was left barricaded two hours before the accident.

Error to Wayne; Lillibridge, J. Submitted April 26, 1898. Decided June 7, 1898.

Case by Percy T. Brydon, an infant, against the city of Detroit, for injuries sustained by reason of a defective sidewalk. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. D. Joslyn,* for appellant.

*Harry F. Chipman* and *Joseph R. Nolan,* for appellee.

MONTGOMERY, J. Plaintiff, who was at the time five years of age, sustained injuries which he alleges were caused by the defective condition of a sidewalk on Michigan avenue. The injury was sustained on the 30th of

June, 1894. The testimony offered on behalf of plaintiff tended to show that on the occasion in question he was walking with, and a slight distance in advance of, his mother, who was going to market; that an excavation had been made opposite a lot fronting Michigan avenue, and a temporary walk built outside the location of the regular walk. It is claimed by counsel for the plaintiff that the testimony shows that, as this excavation was approached, the barrier which had been erected was insufficient, in that it did not extend across the sidewalk fully, but left a space of two to three feet next to a building which marked the line of the street. There was also testimony tending to show that the walk which plaintiff traveled over before reaching this barrier was composed of loose boards laid endways, and that the end next the excavation was not supported underneath; that plaintiff, in walking on this place, stepped on one of these loose planks or boards, and was thrown into the cellar.

Defendant contends that the testimony conclusively shows that the excavation had been left barricaded two hours before the accident occurred; that the case falls within *Welsh* v. *City of Lansing*, 111 Mich. 589; and that, therefore, the circuit judge should have directed a verdict for the defendant. No other point is discussed in the brief of defendant's counsel, and none other can be considered. We think this case is clearly distinguishable from *Welsh* v. *City of Lansing*. In this case the primary cause of the injury would appear to have been the bad condition of the walk as the barricade was approached. While a barricade, properly constructed, might have arrested the fall, and the injury might have been lessened thereby, it is manifest that the primary cause was the defective walk. We think, also, in view of this condition of the approaching walk, that the question as to the sufficiency of the barricade was one for the jury.

Judgment affirmed.

GRANT, C. J., MOORE and LONG, JJ., concurred. HOOKER, J., did not sit.